UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 09-6248 DSF (PLAx) | Date | 9/1/09 |
|---|---|---|---|
| Title | Gerardo Ortega v. CR&R Incorporated, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Case to Superior Court

On August 27, 2009, Defendant removed this matter from state court on the basis of federal question jurisdiction. This is a state law wage-and-hour case involving truck drivers. There is no question that the complaint does not allege a federal cause of action. Defendant bases its assertion of federal question jurisdiction on two of Plaintiff's document requests that ask for documents related to interstate transportation. (See Notice of Removal ¶ 4-5.) Defendant claims that this indicates that Plaintiff is seeking recovery under the Federal Labor Standards Act ("FLSA") because the interstate transportation issues are not relevant except to a claim for overtime under the FLSA.

The Court rejects this as a basis of federal question jurisdiction. It is settled Ninth Circuit law that there is a "strong presumption" against removal jurisdiction, and that the defendant always has the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (1992). It is also settled law that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). If Defendant believes that the requested documents have no relevance to the case as pleaded, the appropriate action is to move to quash, not to remove to federal court based on an imagined federal claim that might be related to the document requests.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

This case is REMANDED to the Superior Court of California for the County of Los Angeles.

IT IS SO ORDERED.